Case Number: CV 07-02661 VRW

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re BETTA PRODUCTS, INC.

*Debtor*

**BETTA PRODUCTS, INC., AND DANA MC CURNIN, TRUSTEE OF THE BETTA PRODUCTS LITIGATION TRUST,**

*Plaintiffs and Appellants*

vs.

**DISTRIBUTION SYSTEMS AND SERVICES, INC. (aka DSS),**

*Defendant and Appellee*

---

**APPEAL FROM ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
Honorable ALAN JARASLOVSKY, Bankruptcy Judge
Bankruptcy Case No. 03-10925
Adversary No. 05-01046

---

**REPLY BRIEF OF APPELLANTS BETTA PRODUCTS, INC., AND DANA MC CURNIN, TRUSTEE OF THE BETTA PRODUCTS LITIGATION TRUST, ON APPEAL OF JUDGMENT CONFIRMING ARBITRATION AWARD**

---

**BRINKMAN PORTILLO, PC**
Daren R. Brinkman (State Bar No. 158698)
Laura J. Portillo (State Bar No.186813)
4333 Park Terrace Dr., Suite 205
Westlake Village, Ca 91361
Ph: (818) 597-2992; Fax: (818) 597-2998

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. - 1 -

II. ARGUMENT ........................................................................................................ - 1 -

    A.    The Panel Clearly Exceeded Its Powers By Adjudicating Claims It Had No Authority To Adjudicate ............................................. - 1 -

        1.    Betta and the Trust Withdrew All of Their Claims from the Arbitration Including the Wells Fargo Claim ............... - 1 -

        2.    The Panel Disregarded the Court's Order Dated October 20, 2006 and Exceeded its Authority by Adjudicating the Wells Fargo Claim ................................................................ - 2 -

        3.    The Court's Order of October 20, 2006, Withdrew the Wells Fargo Claim From Submission to the Arbitration Panel ................................................................................. - 4 -

    B.    The Panel Exceeded Its Powers By Entering A Default Judgment In Favor Of DSS Who Had No Counterclaims .......... - 5 -

    C.    Betta And The Trust Repeatedly Raised The Issues that Betta and the Trust Withdrew their Claims and that the Panel Improperly Considered Claims Not Before It ................... - 5 -

        1.    Even if the Court Were to Find that the Issue of the Wells Fargo Claim and the Lack of Jurisdiction Over the Trust were not Expressly Raised, the Court Has Discretion to Decide the Issues ............................................. - 6 -

    D.    Betta and the Trust Clearly Established that Panel Was Guilty of Misconduct and Misbehavior in Refusing to Stay the Arbitration ................................................................................ - 7 -

III. CONCLUSION ................................................................................................... - 9 -

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Hall, Bayoutree Associates, Ltd.*, 939 F.3d 802 (9th Cir. 1991) .................. - 6 -

*In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir.1985) ................... - 6 -

*In re Walsh Construction, Inc.*, 669 F.2d 1325 (9th Cir. 1982) ........................... - 7 -

## FEDERAL STATUTE

Fed.R.Civ.P. 55 ............................................................................... - 5 -

# I. INTRODUCTION

Betta and the Trust hereby file this brief in reply ("Reply Brief") to the responding brief ("Responding Brief") of Defendant and Appellee Distribution Systems and Services, Inc ("DSS" or "Appellee"). Betta and the Trust expressly reserve and maintain the arguments in their Opening Brief and respond to certain of DSS' counterarguments as set forth below. For the reasons stated in the Appellants' Opening Brief and based on the counterarguments in this Reply, the District Court should reverse the Bankruptcy Court's judgment and order confirming the arbitration award and enter an order or judgment in favor of Betta and the Trust, vacating the award.

# II. ARGUMENT

**A.    The Panel Clearly Exceeded Its Powers By Adjudicating Claims It Had No Authority To Adjudicate**

**1. Betta and the Trust Withdrew All of Their Claims from the Arbitration Including the Wells Fargo Claim**

DSS' argument that that the Panel properly adjudicated Betta's and the Trust's claims must fail because, as stated in Appellants' Opening Brief, Betta and the Trust filed a formal withdrawal of their claims from the arbitration. App.p.239-40, ¶ 26; p.255-56; p.263. Therefore, the Panel had no claims to adjudicate.

## 2. The Panel Disregarded the Court's Order Dated October 20, 2006 and Exceeded its Authority by Adjudicating the Wells Fargo Claim

Even if Betta's and the Trust's claims were not withdrawn from the arbitration, the Panel still exceeded its powers by violating the Court's order dated October 20, 2006. DSS admits that the scope of the Arbitrators' powers is based on the arbitration agreement and the Bankruptcy Court's orders. See Responding Brief p.14-15. However, DSS falsely asserts that the Bankruptcy Court's orders called for the arbitration of all of the contract claims raised in Betta's Specification of Claims. The Bankruptcy Court specifically limited the arbitrable claims to the breach of contract claims not contained in the Amended Complaint. App.p.169; ¶ 3. Because the Arbitration Panel issued an award covering the breach of contract claim on behalf of Wells Fargo which is included in the Amended Complaint, the Arbitration Panel has exceeded its powers.[1] Accordingly, the Court should reverse the Bankruptcy Court's Order and Judgment confirming the arbitration award and enter and order and judgment vacating the arbitration award.

In July 2005, the Bankruptcy Court ordered that if Betta wanted to pursue the claims in its original complaint (dated April 13, 2005) it must do so through

---

[1] In July 2003, Betta abandoned all of its pre-petition goods (goods in DSS' warehouse on April 15, 2003) to Wells Fargo. After July 2003, and for approximately six months, both Wells Fargo and Betta paid jointly for storage charges incurred in keeping the inventory DSS warehouse. Wells Fargo subsequently lined up a buyer for its goods and demanded return of the goods from DSS. In March 2004, Betta obtained information indicating that DSS failed to turnover all of the pre-petition goods to Wells Fargo. Wells Fargo subsequently assigned to Betta its right to prosecute any all of Wells Fargo's claims.

arbitration. App.p.38-39. The Bankruptcy Court also noted that its order was without prejudice to Debtor seeking reconsideration and could be modified for a compelling reason. App.p.39, ln 10-13. Betta and Trust subsequently filed its Specification of Claims with the AAA which included a claim for breach of contract on behalf Wells Fargo. App.p.115, ¶ 8; p.146-157.

In October 2006, Betta and the Trust filed a motion to amend the Original Complaint ("Motion to Amend"). Betta and the Trust attached a copy of the proposed amended complaint ("Amended Complaint") to the Motion to Amend in accordance with the Court's rules. App.p.66-113. The Amended Complaint includes a claim for breach of a de facto contract, which Wells Fargo assigned to Betta and the Trust (the "Wells Fargo Claim"). The basis for the Wells Fargo Claim is DSS' failure to turnover all of the pre-petition goods belonging to Wells Fargo. App.p.99-100. The Bankruptcy Court granted the Motion to Amend. App.p.168-169. The Bankruptcy Court also severed the claims in the amended complaint ("Amended Complaint") and ordered that only the "original contract claims not contained in the Amended Complaint…" could be arbitrated. App.p.169, ¶¶ 2-3. On October 17, 2006, Betta and the Trust, through their counsel, informed the Arbitration Panel of the Court's ruling. App.p.501, ln. 15-18.

The Arbitration Award makes clear that the Arbitration Panel adjudicated all of the breach of contract claims in the Specification of Claims. Specifically, the

Arbitration Award states that "…the Panel is satisfied that there is no credible evidence in the arbitration record sufficient to establish any of the breaches of contract alleged in the Claimants' Specification of the Claims… The Panel accordingly directs that, on each claim in Claimants' 'Specification of Claims Against DSS', Claimants take nothing from DSS…" App.p. 505-06, ¶ 2. Therefore, the Arbitration Panel has clearly exceeded its powers by adjudicating the Wells Fargo Claim which it had no authority from the Bankruptcy Court to adjudicate. In addition, Wells Fargo was not a party to the Warehouse Agreement and wasn't subject to the arbitration clause.

### 3. The Court's Order of October 20, 2006, Withdrew the Wells Fargo Claim From Submission to the Arbitration Panel

DSS' improperly asserts that the breach of contract claim on behalf of Wells Fargo was presented to the Arbitration Panel for adjudication. Even though the claim was included in Betta's and the Trust's Specification of Claims, as discussed *supra*, the Court's order limited the claims that the Panel could arbitrate. Therefore, the claim was withdrawn from submission to the AAA and Panel by the Bankruptcy Court's order of October 20, 2006 order. The Panel's arbitration award indicates that the Panel considered the Bankruptcy Court's order. App.p.788. However, the Panel decided to disregard the Bankruptcy Court's order

and issue an award that covered the Wells Fargo claim. The only reasonable rationale for the Panel's misconduct was that it was interested in increasing its bill.

**B.     The Panel Exceeded Its Powers By Entering A Default Judgment In Favor Of DSS Who Had No Counterclaims**

DSS asserts that the Panel properly entered a judgment against Betta and the Trust. DSS' is incorrect in its assertion because DSS never filed any claims against Betta and the Trust. Pursuant to the Federal Rules of Civil Procedure, a default judgment may only be entered against "a party against whom a judgment for affirmative relief is sought." Fed.R.Civ.P. 55(a). Therefore, by entering an award against Betta and the Trust, the Panel exceeded its authority and violated the Federal Rules of Civil Procedure. The Panel's award was especially improper against the Trust. The Trust was not a party to the original complaint filed in this action. Therefore, the Court had no jurisdiction over the Trust and the Trust could withdraw its claims from the arbitration, which it did.

**C.     Betta And The Trust Repeatedly Raised The Issues that Betta and the Trust Withdrew their Claims and that the Panel Improperly Considered Claims Not Before It**

DSS attempts to avoid the consequences of the Panel's misconduct by asserting that Betta and the Trust did not raise the issue in the Bankruptcy Court that the Panel improperly considered claims not put before it or that the Trust was

not covered by the award. DSS' claim is without merit. Betta and the Trust did argue that Court's October 20, 2006 order narrowed the scope of the arbitrable claims. *See* Memorandum of Points and Authorities in Support of Plaintiff's Motion for: 1) Interim Stay of Arbitration Proceedings; 2) Modification of the July 11, 2005 Order; Or In the Alternative; 3) Ex Parte Motion to Shorten Notice on Plaintiffs' Voluntary Dismissal of Breach of Contract Claims (App.p.230-31). In addition, the pleadings clearly show that Betta and the Trust repeatedly argued that they withdrew their claims from the arbitration and that the Panel exceeded its authority by adjudicating non-existing or withdrawn claims. S*ee* Memorandum of Points and Authorities in Support of Betta's Motion to Vacate or Set Aside Arbitration Award (App.p.856-57); *see also* Betta's Opposition to Defendant Distribution System and Services, Inc's Motion to Confirm Arbitration Award and Enter Judgment (App.p.981-82). The issues of the Wells Fargo Claim and the status of the Trust clearly fall within Betta's and the Trust's more general arguments. Therefore, DSS was on notice of these issues.

**1. Even if the Court Were to Find that the Issue of the Wells Fargo Claim and the Lack of Jurisdiction Over the Trust were not Expressly Raised, the Court Has Discretion to Decide the Issues**

"A district court, reviewing a bankruptcy appeal, can decide an issue that is not raised on appeal, if that issue is purely legal and is fully supported by the

record." *In re Hall, Bayoutree Associates, Ltd.*, 939 F.3d 802, 804 (9th Cir. 1991)(citing *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1377 (9th Cir.1985) (holding District Court did not abuse it discretion in deciding proof of claim issue supported by the record but not raised on appeal); *see also In re Walsh Construction, Inc.*, 669 F.2d 1325, 1329 (9th Cir. 1982).

In the instant case, the record on appeal includes all the necessary documents for making a determination of whether the Arbitration Panel improperly adjudicated the issues of the Wells Fargo Claim and the status of the Trust. Specifically, the record includes the Original Complaint (App.p.1-4), Betta's and the Trust's Specification of Claims (App.p.146-157); the Bankruptcy Court's order dated October 20, 2006 (App.p.168-169); Betta's and the Trust's formal withdrawal of its claims (App.p.239-40, ¶ 26; p.255-56; p.263); and the Amended Complaint (App.p.1031-1048). Given this information, the Court can easily determine these issues as a matter of law.

**D.    Betta and the Trust Clearly Established that Panel Was Guilty of Misconduct and Misbehavior in Refusing to Stay the Arbitration**

Betta and the Trust made repeated attempts to continue the arbitration and even attempted filed a formal withdrawal of their claims with the Arbitration Panel. The totality of the evidence as set out in detail in the Opening Brief (and is summarized below) clearly suggests that the Panel was determined not to dismiss

Betta's and the Trust's claims or continue the proceeding as the Panel would not be able to charge its fees for the hearing. First, the Panel violated the AAA's own rules in directing that a hearing on the Betta's and the Trust's request for a continuance occur on less than ten days notice. App.p.240, ¶ 31; p.269, "R-22. Date, Time and Place of Hearing". Second, the Panel decided to proceed with the hearing regarding the request for a continuance without the counsel for Betta and the Trust who was attending to family matters. Third, the Panel justified, in part, it decision to deny the continuance on the false claim that the Betta and the Trust failed to inform the Panel they maintained their request for a continuance. Fourth, the Panel disregarded the Court's order absolutely opposed to allowing the Court to hear any of the Betta's and the Trust's pending motion on the off chance that it would dismiss the claims. Fifth, the Panel disregarded the Bankruptcy Court's order and adjudicated the claim on behalf of Wells Fargo.

///

///

///

///

///

///

///

## III. CONCLUSION

For the reasons stated in the Appellants' Opening Brief and based on the arguments in this Reply, the District Court should reverse the Bankruptcy Court's judgment and order confirming the arbitration award and enter an order or judgment granting in favor of Betta and the Trust vacating the award.

Dated: August 23, 2007  **BRINKMAN PORTILLO, PC**

>  /s/ Laura J. Portillo
> Laura J. Portillo
> Attorneys Betta Products, Inc. and
> Dana McCurnin, Trustee of the Betta
> Products Litigation Trust

# **CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)**

**1.**   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

[**X**] this brief contains 1,907 words and 169 lines, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ] this brief uses a monospaced typeface and contains [ ] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

**2.**   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[**X**] this brief has been prepared in a proportionally spaced typeface using MS Word word processing software in 14 point Times New Roman font, *or*

[ ] this brief has been prepared in a monospaced typeface using [ ] with [ ].

Dated:  August 23, 2007                    BRINKMAN PORTILLO, PC

                                                           _____*/s/ Laura J. Portillo*_____
                                                                   Laura J. Portillo
                                                           Attorneys Betta Products, Inc. and
                                                           Dana McCurnin, Trustee of the Betta
                                                           Products Litigation Trust

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

The undersigned certifies and declares as follows:

I am employed in the City of Westlake Village and County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the within action. I am employed by Brinkman Portillo, P.C. whose business address is 4333 Park Terrace Drive, Suite 205, Westlake Village, California 91361.

On **August 23, 2007**, I served the forgoing documents described as:

**REPLY BRIEF OF APPELLANTS BETTA PRODUCTS, INC., AND DANA MC CURNIN, TRUSTEE OF THE BETTA PRODUCTS LITIGATION TRUST, ON APPEAL OF JUDGMENT CONFIRMING ARBITRATION AWARD**

on the interested parties in this action
[X] by placing [] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

[X] **BY MAIL**

| | |
|---|---|
| Mitchell Greenberg | James A. Beitz |
| Abbey, Weitzberg, Warren, & Emery | Hagerty Johnson & Beitz, PA |
| 100 Stony Point Rd. #200 | 701 Fourth Avenue South, Ste 700 |
| P.O.Box 1566 | Minneapolis, MN 55415 |
| Santa Rosa, CA. 95401 | |

United States Trustee's Office
235 Pine Street, Ste. 700
San Francisco, CA 94104

 [X] I deposited such envelope in a United States Postal Service drop box at Westlake Village, California. The envelope was mailed with postage thereon fully prepaid.
 [X] I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with a United States Postal Service drop box on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.
 [X] (**Federal**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 23 2007,** at Westlake Village, California.

Michele Harkless                */s/ Michele Harkless*