ABBEY, WEITZENBERG, WARREN & EMERY
RICHARD W. ABBEY, Esq., State Bar 53039
MITCHELL B. GREENBERG, Esq., State Bar 114878
RACHEL K. NUNES, Esq., State Bar 172525
100 Stony Point Road, Suite 200
Post Office Box 1566
Santa Rosa, CA 95402-1566
Telephone: 707-542-5050
Facsimile: 707-542-2589

JAMES ANTON BEITZ, MN Atty. ID 6233
HAGERTY, JOHNSON, ALBRIGHTSON & BEITZ, P.A.
701 Fourth Avenue, South, Suite 901
Minneapolis, Minnesota 55415
Telephone: (612) 349-9000

Attorneys for Defendant
DISTRIBUTION ALTERNATIVES, INC., dba DSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>BETTA PRODUCTS, INC.,<br><br>                Debtor,<br><br>BETTA PRODUCTS, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>DISTRIBUTION SYSTEMS AND SERVICES, INC., aka DSS,<br><br>                Defendant. | **Case No.: C-07-02661 VRW**<br><br>Chapter 11 Bankruptcy Case No.: 03-10925<br>Adversary Proceeding No.: 05-01046<br><br>**APPELLEE'S MEMORANDUM IN OPPOSITION TO APPELLANTS' MOTION TO DISMISS APPEAL WITHOUT PREJUDICE**<br><br>The Honorable Vaughn R. Walker |

## I. INTRODUCTION

Appellee, Distribution Systems and Services, Inc. ("DSS") opposes the motion of Appellants, Betta Products, Inc. ("Betta") and the Betta Products, Inc. Litigation Trustee

-1-

("Trustee") to dismiss their appeal without prejudice because the motion asks this Court to issue an order which effectively gives Betta and the Trustee an open ended, unconditional right to reinstitute their appeal at any time. DSS has no objection to dismissal of the appeal. However, it respectfully submits that the dismissal must be with prejudice to reinstate, since the judgment appealed from was final. It decided all the issues and claims in a case severed under Rule 21, and it was entered in conformity with 9 U.S.C. §13.

## II. ARGUMENT

Betta and the Trustee offer as their sole arguments for dismissal that (1) they need to focus their efforts on the pre-trial and trial preparations of another, separate case and that (2) DSS will suffer no prejudice because the arguments and research it prepared in this appeal were duplicated in motions before the bankruptcy court in that separate case. *See* Appellants' Memorandum in Support of Motion to Dismiss Appeal Without Prejudice at 2-3.

Their first argument, implying that this appeal will take away from their focus on that other, separate case, is disingenuous at best, since this appeal is fully briefed and requires no oral argument. They now have all the time they want to focus on that other case.

Their second argument is wrong as a matter of law. Dismissal without prejudice would cause DSS irreparable harm by depriving it of the finality to which it is entitled, and leave it open to a future appeal at any time, at Betta and the Trustee's sole discretion.[1] Moreover, Betta's and the Trustee's motion totally ignores that fact that the judgment from which they appealed was final, and they have not offered this Court any legal authority why it should dismiss without prejudice to reinstate. Since the judgment was final, dismissal should be with prejudice.

The bankruptcy court severed this case in October, 2006, in accordance with Rule 21 so that it could proceed separately from the remaining case. The October severance order, which appears at Betta's and the Trustee's Appendix at ER pg. 168 *et seq.*, reflected a complete understanding of the effect of such a severance:

> [t]he claims added in the Amended Complaint are severed from the contract claims pursuant to Fed. R. Civ. P. 21, as incorporated into

---

[1] Betta and the Trustee, on the other hand, have shown no prejudice to their interests by having their appeal decided now, because there is no such prejudice.

-2-

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

>bankruptcy cases by Fed. R. Bankr. R. 7021, and *the actions will proceed separately.* (emphasis added.)

*Id.* at 2. That statement correctly reflects the legal effect of the severance—cases severed under Rule 21 proceed separately. See FED. R. CIV. P. 21 (stating that "[a]ny claim against a party may be severed and proceeded with separately.") Because once severed, the two cases proceeded separately, any judgment entered in this case became final, as the bankruptcy court appeared to understand when, following its Rule 21 severance of the two cases, it ordered judgment to be entered and then entered judgment in this case in conformity with 9 U.S.C. §13. *See* order for judgment (ER pg. 1051) at 2, and judgment (ER pg. 1049) at 2; *see also, e.g.,* 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §1689 (2001) (stating that once a case has been severed under Rule 21 "it proceeds as a discrete unit with its own final judgment. . .") (citations omitted); *see also* 4 Moore's FEDERAL PRACTICE §21.06 (3d Ed. 2007).

>Severance under Rule 21 results in separate actions. A single claim that is severed from a multiclaim action 'may be. . .proceeded with separately. In other words, the severed claim proceeds as a discrete, independent suit. It and the original case result in their own separate final judgments. . . While judgment on a severed claim is final for purposes of appeal, judgment on a claim tried separately [under Rule 42(b)] is not an appealable final judgment, unless certified under Rule 54.

*Id.*

Moore points out that this interpretation of Rule 21 is followed in the cases in virtually all the circuits and that there does not appear to be any opposition to it in any of the other circuits. *See id.*; *see also* 7 Wright at §1689.

Granting Betta's and the Trustee's motion to dismiss without prejudice could require duplication in a later appeal of the efforts already expended in this appeal and it will deprive DSS of the final judgment which it earned in this case. The Bankruptcy Court not only ordered the cases to proceed separately but it specifically invoked Rule 21 in severing the cases so they could proceed separately. *See* October, 20, 2006, severance order, ER pg. 169. Therefore, the judgment in Betta I was final and appealable, and any dismissal of the appeal from that judgment should be

with prejudice to reinstate just as if it had not been taken to begin with. *See, e.g.,* FED. R. CIV. P. 21; 4 Moore's FEDERAL PRACTICE §21.06; 7 Wright, FEDERAL PRACTICE AND PROCEDURE §1689.

### III. CONCLUSION

The judgment from which Betta and the Trustee appealed was undeniably entered in a case severed under Rule 21. That judgment was final. Betta and the Trustee may dismiss the appeal from that judgment, but if they do so their right to appeal terminates and may not be reinstated.

Dated: September 19, 2007.

ABBEY, WEITZENBERG, WARREN & EMERY

By: _____
Richard W. Abbey, Esq., State Bar 53039
Mitchell B. Greenberg, Esq., State Bar 114878
Rachel Nunes, Esq., State Bar 172525
100 Stony Point Road, Suite 200
Santa Rosa, CA 95402-1566
Telephone: 707-542-5050
Facsimile: 707-542-2589

JAMES ANTON BEITZ, MN Atty. ID No. 6233
HAGERTY JOHNSON & BEITZ P.A.
701 Fourth Avenue, South, Suite 700
Minneapolis, Minnesota 55415
Telephone: (612) 349-9000
*(Appearing Pro Hac Vice)*

Attorneys for Defendant

APPELLEE'S MEMORANDUM IN OPPOSITION TO APPELLANTS' MOTION TO DISMISS APPEAL WITHOUT PREJUDICE

**PROOF OF SERVICE**
**[Code Civ. Proc. § 1013(a)]**

I am employed in the County of Sonoma, California.

I am over the age of eighteen (18) years and not a party to the within cause; my business address is 100 Stony Point Road, Suite 200, Santa Rosa, California 95401.

On the date set out below, I served the attached:

**APPELLEE'S MEMORANDUM IN OPPOSITION TO**
**APPELLANTS' MOTION TO DISMISS APPEAL WITHOUT PREJUDICE**

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Daren R. Brinkman. Esq. | Counsel for Plaintiff |
| Laura J. Protillo, Esq. | Betta Products, Inc. |
| Brinkman Portillo, PC | |
| 4333 Park Terrace Drive, Suite 205 | |
| Westlake Village, CA 91361 | |
| Telephone: (818) 597-2992 | |
| Facsimile: (818) 597-2998 | |

__XX__   (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Abbey, Weitzenberg, Warren & Emery for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited with the United States Postal Service the same day as it is placed for processing.

_____   (BY OVERNIGHT MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for overnight mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Abbey, Weitzenberg, Warren & Emery for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited with the overnight mail provider the same day as it is placed for processing.

_____   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressee(s) noted above.

_____   (BY FACSIMILE) I caused said document to be transmitted by facsimile machine to the number indicated after the address(es) noted above.

_____   (BY ELECTRONIC TRANSMISSION) I caused said document to be transmitted electronically to the email addresses indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 19, 2007, in Santa Rosa, California.

/s/ Barbara S. Himbert
_____
Barbara S. Himbert

APPELLEE'S MEMORANDUM IN OPPOSITION TO APPELLANTS' MOTION TO DISMISS APPEAL WITHOUT PREJUDICE